UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAUL MENDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>ADA COUNTY, et al.,<br><br>    Defendants. | Case No. 1:25-cv-00297-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

## INTRODUCTION

Pending before the Court is Plaintiff Raul Mendez's Application to Proceed in Forma Pauperis (the "IFP Application") (Dkt. 1) and his Amended Complaint (Dkt. 5). Plaintiff has also filed an Expedited Motion for Preliminary Injunction (Dkt. 3) and a Motion Requesting Decision on the preliminary-injunction motion (Dkt. 6). Plaintiff first filed a variation of this lawsuit in 2019, alleging constitutional, statutory, and tort claims arising from Ada County's mandatory trash-collection fees (*Mendez v. Ada Cnty.*, No. 1:19-cv-00301-BLW, Dkt. 1 at 4-14) ("2019 Case"). The Court dismissed that action on August 3, 2020 (2019 Case, Dkt. 65), and the Ninth Circuit affirmed on April 23, 2021 (2019 Case, Dkt. 74). Plaintiff filed a second, nearly identical lawsuit in November 2021 (*Mendez v. Ada Cnty.*, No. 1:21-cv-00447-BLW) ("2021 Case"), which the Court dismissed with prejudice on November 4, 2022, after conducting a detailed res judicata analysis (2021 Case, Dkt. 15). Plaintiff then filed a third action in December 2022 (*Mendez v. Ada Cnty.*, No. 1:22-cv-00493-BLW) ("2022 Case"), which the Court again dismissed on June 30, 2023, on res judicata grounds (2022 Case, Dkt. 7). The present 2025 action repeats the same

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

allegations and legal theories previously raised and rejected in his prior cases. Because Plaintiff seeks to proceed without paying the filing fee, the Court must determine whether he qualifies for in forma pauperis status under 28 U.S.C. §§ 1914-1915 and screen the Amended Complaint under 28 U.S.C. § 1915(e)(2).

## APPLICATION TO PROCEED IN FORMA PAUPERIS

Any party instituting a civil action in federal district court is required to pay a filing fee. 28 U.S.C. § 1914. On application, however, a party may proceed in forma pauperis. 28 U.S.C. § 1915. The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor." § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and that indicates he is unable to pay the fee required. *Id*. The affidavit is sufficient if it states the plaintiff cannot "pay or give security for the costs" because of his poverty and still provide the "necessities of life" for himself and any dependents. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

Plaintiff's IFP Application is incomplete because the section that discloses income is missing (Dkt. 1), leaving the Court without the primary information necessary to evaluate indigency. Proceeding in forma pauperis is a statutory exception that allows a litigant to avoid paying the filing fee only if he demonstrates that, due to poverty, he cannot pay the fee and still meet the necessities of life. Without that financial information the Court cannot fully assess Plaintiff's financial condition or determine whether he qualifies for IFP status. Accordingly, the

application lacks the particularity and certainty required under 28 U.S.C. § 1915 and *McQuade*, and the Court cannot grant it as submitted.

The Court denies Plaintiff's IFP Application to proceed in forma pauperis but proceeds to its review of Plaintiff's Amended Complaint, which the Court dismisses with prejudice.

## SUFFICIENCY OF THE AMENDED COMPLAINT

Plaintiff again challenges Ada County's residential trash-collection system. He alleges that he does not reside full-time at his property and does not use County trash service, but Billing Services continues to charge monthly fees and certify unpaid balances to the tax roll (Dkt. 5 at ¶ 25). Plaintiff alleges that he received an August 27, 2025, certification notice stating $363.23 was added to his 2025 taxes (*see* Dkt. 6-3 at 1) and that he received a September 17, 2025, tax-deed warning (*see* Dkt. 6-4 at 1). He asserts violations of due process, equal protection, takings, "liberty interests," the FDCPA, and state-law torts—which are identical to claims he pled in 2019 (2019 Case, Dkt. 1 at 9-13), 2021 (2021 Case, Dkt. 2 at 12-20), and 2022 (2022 Case, Dkt. 2 at 13-21).

Plaintiff now adds new defendants including the Ninth Circuit, the U.S. District Court, Judges Winmill and Nye, and the United States (Dkt. 5 at 1-9). He alleges the judicial defendants engaged in "judicial activism," discrimination, and separation-of-powers violations when applying res judicata (*id.* at 1-7). He also alleges that Idaho House Bills 292 and 304 "repeal" Ada County's authority to certify fees (*id.* at ¶ 70; Dkt. 3 at 2-4),[1] and therefore each annual certification constitutes a "new act."

---

[1] Plaintiff does not provide the text of the bills, identify whether they passed, or identify where they have been codified, if they have. As a matter of common knowledge the Idaho legislature passed property tax relief bills in recent years. Even if the Court were to assume, which it does not, that Plaintiffs means those changes, Plaintiff's complaints are about sewer and trash fees, not property taxes.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

Plaintiff's belief that each annual certification is a "new violation" mirrors arguments rejected in 2021 and 2022, and the Amended Complaint's new allegations—including § 1985 conspiracy, Civil Rights Act theories, separation-of-powers claims, and assertions premised on HB 292/304—do not change the underlying facts, create new causes of action, or avoid numerous legally dispositive immunities. All claims arise from the same factual nucleus: Ada County's imposition of trash-collection fees and annual certification practices. This fact, in combination with the immunity afforded to the newly named defendants demonstrates the Amended Complaint fails.

A.   **Screening Standard Under 28 U.S.C. § 1915(e)(2)**

Under 28 U.S.C. § 1915(e)(2) the Court must dismiss a complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B)(i)-(iii). During this review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). To state a claim upon which relief can be granted, a complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Plaintiff's pro se status does not excuse him from complying with the procedural and substantive rules of the Court, nor does it permit conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

B.   **Res Judicata**

This case is Plaintiff's fourth iteration of the same lawsuit. In the 2019, 2021, and 2022 cases, Plaintiff raised the same constitutional, statutory, and tort theories against the same County defendants based on the same facts. The 2019 judgment was final and affirmed on appeal (2019 Case, Dkt. 74). The 2021 and 2022 actions were dismissed on res judicata grounds after extensive comparison with the 2019 complaint (2021 Case, Dkt. 15 (affirmed on appeal, Dkt. 25); 2022 Case, Dkt. 7 (affirmed on appeal, Dkt. 14)). The 2025 Amended Complaint again asserts Fifth and Fourteenth Amendment claims, takings, "liberty interest," FDCPA, IIED, defamation, fraud, RICO, breach of contract, and state-law tort theories arising from the same County ordinance and certification practices (*see generally* Dkt. 5 at 6-18). This Court has twice held that annual certifications are continuing consequences of the same dispute—not new causes of action (2021 Case, Dkt. 15 at 3; 2022 Case, Dkt. 7 at 3-5). Accordingly, all claims against the Ada County defendants are barred by res judicata.

C.   **Subject Matter Jurisdiction**

Federal jurisdiction requires a federal claim or complete diversity. 28 U.S.C. §§ 1331-1332. The newly-added defendants—including the Ninth Circuit, the U.S. District Court, Judges Winmill and Nye, and the United States—are immune from suit for the retrospective, damages-based claims Plaintiff asserts (Dkt. 5). Because the Amended Complaint does not plausibly allege a federal claim against any defendant not barred by immunity or preclusion, federal question jurisdiction is lacking. And because Plaintiff and all local defendants are Idaho citizens, there is no diversity jurisdiction. No basis for federal jurisdiction exists.

D.  **Rooker-Feldman Doctrine**

To the extent Plaintiff seeks review or reversal of state proceedings relating to property-tax delinquency, tax-roll certifications, or any underlying state administrative process, such claims may fall within the Rooker-Feldman doctrine. The Court cannot review or invalidate state-court rulings or proceedings regarding Plaintiff's tax-delinquency status or potential tax-deed proceedings. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923). Allegations that merely express disagreement with the outcome of state-court proceedings or seek federal-court review of those decisions cannot proceed and must be dismissed for lack of jurisdiction.

D.  **Sovereign Immunity**

Again, the United States, the Ninth Circuit Court of Appeals, the U.S. District Court for the District of Idaho, and federal judges are immune from suit absent a statutory waiver. No such waiver applies here. Judicial immunity bars claims based on judicial rulings, including prior applications of res judicata. To the extent Plaintiff brings claims under the Federal Tort Claim Act, it does not waive judicial immunity or provide jurisdiction for claims against state or local entities. Plaintiff's claims against the United States, the Ninth Circuit, the U.S. District Court, or federal judicial officers are barred by sovereign and judicial immunity.

E.  **Claims Lacking a Private Right of Action**

Several claims in the Amended Complaint—including "separation of powers," "constitutional corruption," and broad structural constitutional grievances—do not provide a private right of action. The Civil Rights Act of 1964 does not create individual-capacity claims against judicial officers for issuing decisions with which Plaintiff disagrees. Claims under structural provisions of the Constitution generally cannot be brought by private litigants absent

express statutory authorization. *See, e.g.*, *Schweiker v. Chilicky*, 487 U.S. 412, 421-22 (1988) (declining to infer constitutional causes of action in social security disability context absent clear congressional intent). Rather, a plaintiff must allege violations of specific, individually enforceable federal rights (such as those protected by 42 U.S.C. § 1983) and must connect those rights to specific actions by specific defendants. Generalized grievances about the structure or functioning of government are not cognizable claims in federal court.

## PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER

The Court cannot grant Plaintiff's request for a temporary restraining order (Dkt. 3) for three reasons.

First, the motion is procedurally moot because Plaintiff has neither paid the filing fee nor qualified to proceed in forma pauperis. Until the case is properly initiated, the Court lacks authority to consider substantive motions. *See* 28 U.S.C. §§ 1914-1915.

Second, Plaintiff has not yet stated any viable claim for relief, let alone demonstrated a likelihood of success on the merits. A preliminary injunction is "an extraordinary remedy," *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008), and requires, at minimum, a plausible, legally cognizable underlying claim with a likelihood of success on the merits. As explained above, Plaintiff's Amended Complaint does not satisfy this requirement.

Third, Federal Rule of Civil Procedure 65(a)(1) provides that "the court may issue a preliminary injunction only on notice to the adverse party." Plaintiff does not show that he has served the complaint, the motion for preliminary injunction, or any supporting materials on any adverse party, nor does he demonstrate that any defendant has been provided with the notice Rule 65 requires. Absent proper service and notice, a preliminary injunction cannot issue.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

Accordingly, Plaintiff's Motion for Preliminary Injunction (Dkt. 3) and Motion Requesting Decision (Dkt. 6) are properly denied.

**ORDER**

IT IS ORDERED:

1. Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 1) is **DENIED**.

2. The Court **DISMISSES** Plaintiff's Amended Complaint with prejudice.

3. Plaintiff's Expedited Motion for Preliminary Injunction (Dkt. 3) and Motion Requesting Decision on the Preliminary Injunction (Dkt. 6) are **DENIED**.

4. Separate Judgment will issue.

5. The Clerk is directed to close this case.

DATED: November 20, 2025

*Amanda K. Brailsford*
**Amanda K. Brailsford**
U.S. District Court Judge